IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CHARLES A WATSON | § | CASE NO: 04-46189 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| US TRUSTEE, 7 | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-3652 |
| | § | |
| CHARLES A WATSON | § | |
| Defendant(s) | § | |

**MEMORANDUM OPINION DENYING MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Watson filed a motion for partial summary judgment on November 7, 2006 [doc. no. 129]. For the reasons stated below, the motion is denied.

**Summary Judgment Standard**

A party seeking summary judgment may demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) the absence of a genuine issue of material fact. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Condrey v. SunTrust Bank of Ga.*, 429 F.3d 556, 562 (5th Cir. 2005). Material facts are those that could affect the outcome of the action or could allow a reasonable fact finder to find in favor of the non-moving party. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005).

The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial. At all times, a court views the facts in the light most favorable to the non-moving party. *Rodriguez v. ConAgra Grocery Products, Co.*, 436 F.3d 468, 473 (5th Cir. 2006). However, to weigh evidence would result in a

credibility determination which is not part of the summary judgment analysis. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001); *See MAN Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478 (5th Cir. 2006). A court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Id.; see also Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005); *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). The movant may seek summary judgment if insufficient evidence has emerged from discovery to support the non-moving party's claims. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2727 (3d ed. 1998). At this time the non-moving party must respond with sufficient evidence to support the challenged element of its case or present evidence to raise a material issue of fact. *Id.; Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 402 (5th Cir. 2005). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *See Condrey*, 431 F.3d at 197.

### Motion for Partial Summary Judgment

The United States trustee alleges that Watson failed to disclose a partnership interest in a law firm in Mississippi and a referral agreement with a law firm in Louisiana. The trustee seeks to bar Watson's discharge based on this nondisclosure, among others things. Watson claims that he was advised that the arrangements were personal service contracts and did not need to be scheduled. Given this, Watson argues that there is no genuine issue of material fact with respect to the trustee's allegation.

To successfully object to discharge under section 727(a)(4)(A), Plaintiff must show that: (a) Defendant made a statement under oath; (b) the statement was false; (c) Defendant knew the statement was false; (d) Defendant made the statement with fraudulent intent to deceive; and (e) the statement related materially to the bankruptcy case. *In re Sholdra,* 249 F.3d 380, 382 (5th Cir. 2001); *In re Beaubouef,* 966 F.2d 174, 178 (5th Cir. 1992). False oaths may take the form of false statements or omissions in the schedules and statement of financial affairs or false statements during the course of the bankruptcy case. *Id.*

Watson's statement was made under oath. The remainder of the *Beaubouef* factors are in dispute.

First, Watson claims that he did not have any ownership interest to disclose in the Mississippi firm. Therefore, Watson claims there was no false statement. The trustee responds by providing the partnership agreement which established the Mississippi firm. The agreement is between Simon, Peragin, Smith & Redfearn, LLP ("SPS&R"), and Charles A. Watson & Associates, PC. The agreement establishes a firm under the name of Simon, Peragine, Redfearn & Watson. The parties to the agreement agree to equally split expenses, marketing and oversight responsibilities, and revenues. These are hallmarks of a partnership interest under Mississippi law (which explicitly governed the agreement). MISS. CODE ANN. § 79-12-11, *et. seq.* Trustee has demonstrated a genuine issue of material fact regarding Watson's interest in the Mississippi firm.

Watson does not deny that he had a referral agreement with SPS&R. Despite this, Watson did not schedule this interest. As stated above, a false oath can take the form of an omission in a schedule. Watson claims that he believed that he did not need to disclose his referral interest because his counsel advised him that such disclosure was not necessary.

Therefore, Watson claims that his schedules were "true and correct to the best of [his] knowledge" and therefore not knowingly false.

Watson asserts the same reliance on counsel defense regarding the element of fraudulent intent. Watson states that he reasonably relied on the advice of counsel, and such reliance overcomes the possibility of intent to deceive. The trustee responds by stating that such reliance is not a defense when "it is transparently plain that the property should be scheduled." *Hibernia Nat'l Bank v. Perez*, 124 B.R. 704, 710 (E.D. La. 1991), *aff'd* 954 F.2d 1026 (5th Cir. 1992). Trustee has provided affidavits by the chapter 7 trustee and William Perrin, Watson's long time office manager and accountant. These affidavits state that Watson believed SPS&R owed him money, pursuant to the partnership agreement, referral agreement, or a combination of both. Trustee also attaches emails allegedly from Watson, which show that Watson believed he was owed over $80,000 from SPS&R.

Given Watson's training as an attorney as well as his experience in the Dampier & Watson bankruptcy case, the Court finds that Trustee has demonstrated a genuine issue of material fact regarding *Beaubouef* factors (b), (c) and (d). Trustee has shown that Watson did not schedule his alleged partnership interest or referral interest, Watson may have thought he was owed money, and Watson may have been familiar enough with bankruptcy to understand that accounts receivable need to be scheduled. Moreover, Watson's motion requires the Court to conclude that Watson honestly believed that he did not need to disclose the alleged partnership. The Court cannot reach that conclusion without judging Watson's credibility. Watson is a licensed attorney. Did he fully disclose all facts to his attorney? Did Watson honestly believe that he was not required to disclose? The Court declines to make such quintessential factual determinations as part of the summary judgment process.

- 5 -

Failure to schedule an ownership interest and a referral agreement is material to a bankruptcy. As Trustee's attached affidavits and emails show, knowledge of these agreements could potentially lead to the recovery of money owed to the estate. This makes the omissions material. *Beaubouef*, 966 F.2d at 179.

**Conclusion**

Trustee has demonstrated a genuine issue of material fact with regard to each of the *Beaubouef* factors in so far as they apply to the omission of the partnership and referral agreements. Consequently, Watson's motion for partial summary judgment is denied.

Signed at Houston, Texas, on January 22, 2007.

MARVIN ISGUR
United States Bankruptcy Judge