IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE:<br>CHARLES A WATSON<br>    Debtor(s) | § § § § § | CASE NO: 04-46189<br><br>CHAPTER 7 |
| US TRUSTEE, 7<br>    Plaintiff(s)<br><br>VS.<br><br>CHARLES A WATSON<br>    Defendant(s) | § § § § § § § § | ADVERSARY NO. 05-3652 |

## MEMORANDUM OPINION DENYING JURY REQUEST

Watson filed a jury demand in this adversary on October 12, 2005. On October 24, 2005, the Court ordered both parties to submit briefs regarding the jury demand by November 28, 2005. Both parties timely submitted briefs. For the reasons stated below, Watson's request for a jury is denied.

### Jury Demand

In his brief supporting the jury demand, Watson cites a very large portion of *In re Bandy*, 237 B.R. 661 (Bankr. E.D. Tenn. 1999). *Bandy* thoroughly discusses whether a debtor is entitled to a jury in a proceeding to deny discharge. *Bandy* concludes that a debtor is not entitled to jury in such a proceeding:

> The court follows a two step process for deciding whether issues are legal or equitable. First, the court compares the action to those brought in the English courts in the late 18th century; the purpose is to determine whether the action would have been legal or equitable. Second, the court considers the remedy requested to determine whether it is legal or equitable. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989).
> ....
> If there were no bankruptcy, and this were simply a suit in federal district court, the plaintiffs would be entitled to a jury trial on the liability issues because they

are legal issues. The question is whether the plaintiffs have the right to a jury trial when the liability issues arise in the context of a bankruptcy proceeding to determine dischargeability of the debt.

> The courts generally agree that dischargeability proceedings are equitable, and as a result, the parties do not have the right to a jury trial. *See, e.g., N.I.S. Corp. v. Hallahan (In re Hallahan)*, 936 F.2d 1496 (7th Cir.1991); *American Express Travel Related Services Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122 (9th Cir.1996) *cert. den.* 520 U.S. 1230, 117 S.Ct. 1824, 137 L.Ed.2d 1031 (1997); *Webb v. White (In re White)*, 222 B.R. 831 (Bankr.W.D.Tenn.1998); *Union Bank v. Leigh (In re Leigh)*, 165 B.R. 203 (Bankr.N.D.Ill.1993); *Berryman v. Smith (In re Smith)*, 84 B.R. 175 (Bankr.D.Ariz.1988). The reasoning seems to be that all the issues are equitable even though the liability issues, if separated from the question of dischargeability, would be legal issues.
>
> ....
>
> [The fact that a proceeding to deny discharge sounds is equity] is more obvious in [a] proceeding to deny the discharge completely. 11 U.S.C. § 727; *Fed.R.Bankr.P.* 4004 & 7001(4). Past bankruptcy statutes created the right to a jury trial because the issues would have been legal issues in other types of proceedings. The statutes recognized that the parties did not have the constitutional right to a jury trial because discharge proceedings were equitable. *In re Holst*, 11 F. 856 (W.D.Tenn.1882); *In re George*, 10 F.Cas. 193 (D.Mass.1869); *In re Lothrop*, 15 F.Cas. 921 (D.Mass.1842).

*In re Bandy*, 237 B.R. at 664-69.

Watson states that "This survey would seem rather grim for Watson's otherwise constitutionally protected right to a jury trial, were this action only sounding in equity." (Brief, p. 29).

Watson states that "[I]n order to sustain the legal fiction of the U.S. Trustee's status as a creditor, to even have a right to assert that the U.S. Trustee's claims ... are not barred, interjects a remedy for money damages, under which even the *Bandy* analysis concedes would provide an avenue for a jury trial [sic]." (Brief, p. 30). This understanding is flawed.

There is no remedy for money damages interjected into this proceeding. To again quote *Bandy*, "the main purpose of a dischargeability suit is to prove a claim against the debtor for the purpose of collecting from the debtor after bankruptcy; the main purpose is not to prove a claim

against the bankruptcy estate for the purpose of collecting from the bankruptcy estate." *In re Bandy*, 237 B.R. at 668-69.

The fact that the U.S. Trustee is a creditor does not mean that the U.S. Trustee is seeking money damages. There are no money damages being sought. The U.S. Trustee has filed a proof of claim. Thus, the U.S. Trustee is a creditor. This is one basis for the U.S. Trustee's status to object to discharge. One outcome of a successful objection to discharge is that the U.S. Trustee's claim for payment will remain in full. This is an outcome of an equitable proceeding. The outcome does not transform the proceeding into one which sounds in law. If it did, every discharge objection prosecuted by a creditor would become a proceeding sounding in law, and the analysis in *Bandy* would become meaningless.

## Conclusion

For the reasons stated above, Watson's request for a jury is denied.

2-1-07

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE